STATE OF NEW HAMPSHIRE

GRAFTON, SS

APRIL TERM, 2015
JURY TRIAL REQUESTED

SUPERIOR COURT

LAURA TAFE, ADMINISTRATRIX OF THE ESTATE OF LUANA HEIKES

v.

R. GALUSHA TRANSPORT, LLC AND STEVEN M. BARNABY

COMPLAINT

NOW COMES the Plaintiff, Laura Tafe, Administratrix of the Estate of Luana Heikes, by and through her attorneys, McDowell & Osburn, P.A. and respectfully files this Complaint pursuant to Superior Court Rule 8. The Plaintiff provides as follows:

The Parties

1. The Plaintiff, Laura Tafe is the Administratrix of the Estate of Luana Heikes. Laura Tafe is also the biological daughter of Luana Heikes.

2. R. Galusha Transport, LLC is a New York limited liability corporation.

3. Steven M. Barnaby was an employee or agent of R. Galusha Transport, LLC as of May 27, 2014.

Jurisdiction

4. Laura Tafe, Administratrix, has an address of 13 Farman Avenue, West Lebanon, County of Grafton, State of New Hampshire 03784. The decedent, Luana Heikes, had an address of 7 Roberts Road, #3, Canaan, County of Grafton, State of New Hampshire, 03741.

Law Offices of
McDowell & Osburn
ofessional Association
P.O. Box 3360
Manchester, NH
03105-3360

5. R. Galusha Transport, LLC has a primary business address of 1380 Towpath Lane, Fort Edward, New York, 12828.

6. Steven M. Barnaby has an address of 25 Lincoln Street, Hudson Falls, New York 12839.

### Count I
(Laura Tafe, Administratrix v. Steven M. Barnaby)

7. IN A PLEA OF CASE on May 27, 2014, the Plaintiff's decedent, Luana Heikes, was the operator of a motor vehicle traveling in an easterly direction on Route 4, in the Town of Canaan, County of Grafton, State of New Hampshire. Ms. Heikes was operating a Honda Civic with reasonable care and within her lane of travel at approximately 2:24 p.m. in the afternoon of May 27, 2014 when she encountered a tractor trailer cab and flatbed vehicle that traveled into her lane. At the same date and time, at approximately 2:24 p.m., on Route 4 in Canaan, County of Grafton, State of New Hampshire, Steven M. Barnaby was operating a tractor trailer cab owned by R. Galusha Transport, LLC in a westerly direction along Route 4 when he lost control of the truck that he was operating which jack-knifed or swung out into the lane of travel occupied by Luana Heikes in her Honda Civic.

8. At approximately 2:24 p.m. on May 27, 2014, the roadways were wet and the rainfall was reported to be heavy. As the tractor trailer headed in a westerly direction, it was traveling into and through a curve in the roadway and the truck was ascending a hill through the curve in the roadway. THEN AND THERE IT WAS THE DUTY of Steven M. Barnaby to operate the tractor trailer cab and trailer attached thereto in a reasonable and safe manner. That

Law Offices of
McDowell & Osburn
ofessional Association
P.O. Box 3360
Manchester, NH
03105-3360

2

Mr. Barnaby was required to operate the tractor trailer cab and flatbed trailer with due regard to all known risks and potential risks as required by New Hampshire Statutes Annotated 265:60, II. Mr. Barnaby was required to adhere to the New Hampshire Rules of the Road, including common law standards as well as statutory standards, based on his possession of a commercial driver's license issued by the State of New York as delineated through the Federal Motor Carrier Safety Administration regulations §398.4. With a New York commercial driver's license, Mr. Barnaby was also required to adhere to and meet each and every safety requirement in the New York manual for commercial drivers. Mr. Barnaby was required to maintain control of the motor vehicle and the flatbed trailer such that he was required to operate at a reduced speed when approaching and going around a curve, when traveling upon any narrow or winding roadway, and when special hazards existed. On May 27, 2014, at approximately 2:24 p.m., Mr. Barnaby was presented with a winding roadway, a roadway that was wet, heavy rainfall, and he was ascending an incline in the roadway. Mr. Barnaby was additionally responsible for maintaining a safe and prudent speed so as to avoid applying his brakes in a quick or sudden fashion in light of the fact that he was pulling a fifty-three foot flatbed trailer that was empty; the flatbed trailer, given its size and the fact that it was free of any load, had a susceptibility to jack-knifing following the sudden application of the brakes. Mr. Barnaby was further required to drive at a reduced speed to avoid the risk of hydroplaning as a result of the collection of water during the heavy rainfall.

9.   NOTWITHSTANDING AND CONTRARY TO THE AFORESAID DUTIES, the Defendant, Steven M. Barnaby, did fail in each of the described duties set out herein. Mr. Barnaby specifically failed to operate the truck cab and trailer at a reduced speed to avoid hydroplaning, jack-knifing, and maintaining control of the flatbed trailer. Mr. Barnaby operated
Law Offices of
McDowell & Osburn
ofessional Association
P.O. Box 3360
Manchester, NH
03105-3360

3

at an unreasonable speed while climbing an incline, driving through a curve, and driving in heavy rainfall. Mr. Barnaby failed to use reasonable care to maintain control of the tractor cab and trailer such that he drove it too quickly and negligently used the braking system. Mr. Barnaby was inattentive to the known risks that he faced while driving the tractor trailer on May 27, 2014, just moments before the collision with the motor vehicle operated by Luana Heikes and he was inattentive to the potential risks created by the weather and created by an unreasonable speed with a lengthy, fifty-three foot empty flatbed trailer. Mr. Barnaby failed to meet the safety standards set out by New Hampshire law and he failed to meet the safety standards set out in the New York commercial driver's manual.

10. AS A DIRECT AND PROXIMATE RESULT of the actions of the Defendant, Steven M. Barnaby, Mr. Barnaby lost control of the truck that he was operating such that the truck and trailer violently entered into the opposing lane of travel which blocked the path of the Honda Civic operated by Luana Heikes. Mr. Barnaby's negligent operation caused the fifty-three foot flatbed trailer to strike the front and side of the Heikes vehicle as Mrs. Heikes was traveling in an easterly direction on Route 4 in Canaan, New Hampshire. Mrs. Heikes' vehicle was struck not only by the tractor trailer but it then forced her from the roadway into other fixed objects including telephone support cables and trees. Mr. Barnaby failed to operate the truck in a reasonable fashion and he failed to brake in a reasonable fashion. The truck was operated too fast for the curve, the truck was operated too fast for the wet roadway, the truck was operated too fast based on the visibility with heavy rainfall, and the truck was operated too fast to control the empty flatbed trailer.

11. Mr. Barnaby's actions caused the flatbed trailer to jack-knife and/or skid which caused the trailer to enter into the opposing lane of travel with the trailer becoming, in essence,

Law Offices of
McDowell & Osburn
Professional Association
P.O. Box 3360
Manchester, NH
03105-3360

4

perpendicular to Route 4. Mr. Barnaby was otherwise negligent in maintaining control and remaining attentive in the operation of the vehicle and to the actual and potential hazards given the circumstances that were then existing.

12. Mr. Barnaby's negligence caused horrific and devastating injuries to Luana Heikes. Luana Heikes was physically crushed by the actions of Mr. Barnaby. Luana Heikes had multiple bilateral rib fractures; she had a three and one-half inch, full thickness, laceration at the top of her scalp; she had subscapular and subgaleal hemorrhages along with subarachnoid hemorrhaging over the left and right temporal and parietal lobes; she had a fracture of the left transverse process of the C-5 vertebra in her neck with fragments of bone imbedded within the prevertebral musculature; she had a sternum fracture; fractures of her left ribs from two through ten and right ribs two through nine; she had spleen lacerations; liver lacerations; a fracture of her left sacroiliac joint; a fracture of her left pubic ramus; a full thickness laceration of her left wrist along with displaced fractures of the radius and ulna which were described on scene to be essentially a near amputation of her left extremity; an open fracture to her left femur; large lacerations to her legs; and, significant trauma to her trunk and organs which included bilateral hemothorax. Luana Heikes died as a result of multiple blunt impact injuries following the collision with the truck operated by Steven M. Barnaby.

13. Luana Heikes was alive at 2:24 p.m. at the moment of impact with the truck operated by Mr. Barnaby. The first responders on scene noted that Mrs. Heikes was alert when they first got to the scene approximately ten minutes after the collision. Mrs. Heikes told the first responders that she could not feel her legs or her left arm and that she had difficulty breathing. Mrs. Heikes remained in the car throughout extensive efforts to cut her free and after more than an hour, she passed away at the scene.

Law Offices of
McDowell & Osburn
Professional Association
P.O. Box 3360
Manchester, NH
03105-3360

5

14. The Plaintiff, Laura Tafe, as the Administratrix of the Estate of Luana Heikes asserts claims pursuant to New Hampshire Revised Statute Annotated 556:12 for pain and suffering, loss of earning capacity, loss of life, loss of enjoyment of life, and all other damages and losses allowed by New Hampshire law on behalf of the Estate of Luana Heikes. The Plaintiff seeks damages pursuant to R.S.A. 556:12 within the jurisdictional limits of the Superior Court, together with her interest and costs.

### Count II
(vs. R. Galusha Transport, LLC)

15. The Plaintiff, Laura Tafe, as Administratrix of the Estate of Luana Heikes, adopts and re-alleges each and every allegation in the preceding paragraphs as if fully set forth within this Count II.

16. At the time of the collision between the truck operated by Steven M. Barnaby and the car operated by Luana Heikes, it was the duty of R. Galusha Transport, LLC's employees and agents, and specifically, the operator of the truck, to operate the tractor trailer in compliance with all rules of the road, all federal regulations and all state laws. It was also the duty of the operator of the truck, on behalf of R. Galusha Transport, LLC, to operate the truck in a careful and prudent manner, to maintain a proper speed given the existing conditions, including a reduction of speed because of the weather, potential risks caused by a curve in the roadway and a hill climb. It was also the duty of R. Galusha Transport, LLC and its agent to maintain proper control of the truck and to look out for other motor vehicles and to operate the truck in its proper lane of travel. Mr. Barnaby, on May 27, 2014, was acting within the scope of his work and on behalf of R. Galusha Transport, LLC when he caused the collision that killed Luana Heikes.

Law Offices of
McDowell & Osburn
Professional Association
P.O. Box 3360
Manchester, NH
03105-3360

17. It was also the duty of the officers, employees, and supervisors at R. Galusha Transport, LLC to properly train and supervise its agent, Steven M. Barnaby, with respect to roadway awareness, operation of the truck at issue, and proper braking techniques while operating an empty fifty-three foot flatbed trailer. R. Galusha Transport, LLC failed in its duties with respect to its responsibility for training, supervising, overseeing, guiding, and requiring that Steven M. Barnaby be properly schooled, trained, and guided in the operation of a tractor trailer cab and fifty-three foot long flatbed trailer. Mr. Barnaby negligently operated the truck and was otherwise ill prepared to maintain control and to maintain proper attentiveness while operating the truck and trailer. The negligence of Mr. Barnaby, as an agent for R. Galusha Transport, LLC, and the actions and omissions of R. Galusha Transport, LLC proximately caused the collision on May 27, 2014 which resulted in the death of Luana Heikes.

18. As a result of the failure to use reasonable care in the operation of the truck and trailer on May 27, 2014, and with regard to the negligent supervision, schooling, training, and oversight of Steven M. Barnaby by officers, co-employees, and supervisors of Mr. Barnaby, the Galusha tractor trailer collided with the motor vehicle operated by Luana Heikes after Mr. Barnaby lost control of the trailer and it crossed into the path of the Heikes vehicle.

19. Due to the negligence of R. Galusha Transport, LLC and its agent, the Estate of Luana Heikes suffered damages as set forth in the preceding Count, including the death and suffering of Luana Heikes.

WHEREFORE the Plaintiff, Laura Tafe, Administratrix of the Estate of Luana Heikes claims damages pursuant to R.S.A. 556:12 as within the jurisdictional limits of the Superior Court, together with her interests and costs. The Plaintiff demands her right to a trial by jury against the Defendant.

Law Offices of
McDowell & Osburn
Professional Association
P.O. Box 3360
Manchester, NH
03105-3360

Respectfully submitted,

LAURA TAFE, ADMINSTRATRIX OF
THE ESTATE OF LUANA HEIKES

By and through her attorneys,

McDOWELL & OSBURN, P.A.
282 River Road
P.O. Box 3360
Manchester, NH 03105-3360
(603) 623-9300

Dated: April 30, 2015

Mark D. Morrissette, Bar #10033

Law Offices of
McDowell & Osburn
ofessional Association
P.O. Box 3360
Manchester, NH
03105-3360

8